UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FURUKAWA ELECTRIC COMPANY<br>OF NORTH AMERICA; OFS FITEL LLC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ANTARES DEVELOPMENT<br>INTERNATIONAL LLC,<br><br>　　　　　　Defendant. | Civil Action No.:<br>05-cv-11665-RGS |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS
OR, IN THE ALTERNATIVE, TO EXTEND TIME TO ANSWER COMPLAINT**

Defendant Antares Development International, LLC ("Antares") respectfully submits this memorandum of law in support of its motion to stay these proceedings or, in the alternative, to extend the time to answer the complaint. Antares requests that the Court stay these proceedings pending resolution of a separately filed and pending case in the Northern District of Georgia, which may conclusively decide many of the issues in this action. Alternatively, Antares requests that the Court extend the time to answer or otherwise respond to the complaint to align the schedule for this case with the related case that Plaintiffs have filed in this Court. Specifically, Plaintiffs Furukawa Electric Co. of North America ("Furukawa") and OFS Fitel LLC ("OFS," and together with Furukawa, the "Plaintiffs") have filed this a "Related Civil Action," captioned Furukawa Electric Company of North America, et al. v. Yangtze Optical Fibre and Cable Company Ltd., Civil Action No. 05-11219-RGS (the "Related Furukawa Action," and together with this action, the "Related Actions"). Antares is merely seeking to have the date for any

{B0437849; 1}

answer in this case coincide with the deadline for any answer or response, if any, in the Related Furukawa Action.

## BACKGROUND

On June 10, 2005, Plaintiffs filed the Related Furukawa Action for patent infringement against Yangtze Optical Fibre and Cable Company Ltd. ("YOFC"), a Chinese corporation that develops, manufactures, and sells optical fiber and cable products. The Complaint in the Related Furukawa Action is substantively identical to the complaint in this action. Both complaints allege four counts of infringement. Both allege that YOFC's product infringe the same four U.S. patents. Antares and YOFC have a contractual relationship whereby Antares serves as a sales representative for YOFC in North America. On its face, the Complaint in this action merely brings claims against Antares for its conduct in that role.

On July 21, 2005, YOFC moved to dismiss the Related Furukawa Action on the ground that Plaintiffs had not served process on YOFC and, as a result, that this Court lacks jurisdiction over YOFC. More specifically, YOFC pointed out that Plaintiffs' service of process on Antares, an independent sales representative, did not constitute service on YOFC. In the alternative, YOFC requested that the Court stay the proceedings pending resolution of a separately filed and pending matter that may conclusively decide many of the issues in the action. The Plaintiffs opposed YOFC's motion to dismiss in the Related Furukawa Action. The Court has scheduled the hearing on the YOFC motion to dismiss for November 9, 2005. To date, there has not been any scheduling conference or discovery in the Related Furukawa Action.

On August 11, 2005, the Plaintiffs filed the complaint in this action only after (and clearly because) YOFC filed the YOFC Motion to Dismiss, which pointed out that Antares is only an independent sales representative for YOFC, rather than part of YOFC. The Related

Actions have substantively identical complaints and, as a result, will likely have overlapping (if not exactly identical) discovery.

## ARGUMENT

### A. This Action Should be Stayed Pending Resolution of a Similar Action in Georgia.

In August 2002, Furukawa (then Fitel USA Corp.) filed a patent infringement action in the Northern District of Georgia, captioned Fitel USA Corp. v. Fibercore, Inc., Civ. A. No. 02-02149-CAP (the "Georgia Action"). See Docket Report, attached as Exhibit A to the Declaration of Joshua L. Solomon, dated September 1, 2005 ("Solomon Decl."). In that action, Furukawa alleges that the defendants have infringed three of the four patents at issue in this case. See Georgia Action Fourth Amended Complaint, attached as Exhibit B to Solomon Decl. Those defendants, in turn, have claimed that all three patents are invalid. See Georgia Action Answer and Counterclaim, attached as Exhibit C to Solomon Decl.

In the Georgia action, discovery regarding the proper construction of the claims of the asserted patents was scheduled to close on August 1, 2005. See Scheduling Order, attached as Exhibit D to Solomon Decl. The parties filed opening Markman briefs on August 12-13, 2005. See Docket Report. Briefing on claim construction is scheduled to be completed today (September 1, 2005). Fact discovery will close 45 days after the court issues its Markman claim construction ruling. The period for expert witness depositions will close 107 days after that. See Scheduling Order.

In light of the Georgia Action – and in particular the defendants' challenge to the validity of three of the same patents at issue here – Antares respectfully requests that this Court stay this action pending resolution of the Georgia Action. Antares makes this request in the interest of avoiding the wasting of judicial resources, and any unnecessary litigation costs, including the

-3-

{B0437849; 1}

costs of intensive paper discovery and international depositions, which this case would likely bring.

In a patent infringement action, a federal court has the authority to grant a stay as part of its "inherent power to control its own docket, with an eye towards economy of time and effort for itself, counsel and parties." Consol. Aluminum Corp. v. Hi-Tech Ceramics Inc., 7 U.S.P.Q.2d (BNA) 1910, 1910 (W.D.N.Y. 1988). These considerations undeniably favor a stay here, given that another federal court has been asked to determine the validity of three of the four patents at issue in this case. That court's validity determinations could well limit or eliminate most of the claims in this case, as any determination of invalidity would have preclusive effect against Furukawa. See id. at 1911 ("Due to the possibility of a collateral estoppel defense in this Court, should a patent or patents be found to be invalid in the Northern District of Illinois, and also to the common issues involved with respect to the four patents – infringement and validity – simultaneous progressing of litigation in the Northern District of Illinois and here would be superfluous and a waste of this Court's and the attorneys' time.").

Furthermore, most of the other considerations on which courts in patent infringement actions rely when determining whether to stay a proceeding also point persuasively toward staying this case. These considerations include: when, in relation to one another, the respective actions were filed; comity between federal courts; avoidance of unnecessary costs to the various litigants; avoidance of potential conflicts in judicial determinations; and the respective stages of the two litigations. See, e.g., K-Tel Int'l, Inc. v. Zuro, 176 U.S.P.Q. (BNA) 464, 465 (D. Minn. 1971). The Georgia Action pre-dates Plaintiffs' filing of this case by three years. Any substantive ruling on the patents' validity in that case will, therefore, likely come long before any

equivalent ruling in this case. All told, considerations of cost, comity, and convenience all unquestionably favor a stay.

**B.      The Related Cases Should Proceed on the Same Track.**

The Related Actions, which are substantively identical (except for one of the named parties), and which were filed within approximately two months of one another, should proceed on the same track. To do otherwise risks forcing the parties to engage in piecemeal litigation, which would be inefficient and unreasonably expensive. On the civil action cover sheet for this action, the Plaintiffs properly identified that, pursuant to Local Rule 40.1(G), this action is "related" to the Related Furukawa Action. In fact, the cases are more than just "related"; they are virtually identical. Plaintiffs have sued YOFC, the manufacturer, and Antares, YOFC's sales representative, based on the exact same technology and patents.

The purpose of the Related Civil Cases rule is well established in this district; that rule enhances the administration of the court by avoiding piecemeal litigation and minimizing the occurrence of inconsistent decisions. See generally Bailey v. Dart Container Corp. of Michigan, 980 F. Supp. 584, 590 n. 11 (D. Mass. 1997). In order to avoid the very piecemeal litigation that Local Rule 40.1(G) seeks to prevent, Antares requested that the Plaintiffs consent to an extension of the time to answer the complaint until after the Court's decision on the motion to dismiss in the Related Furukawa Action. Antares merely seeks to have these identical and related actions coincide in terms of scheduling. Given this clear rationale (particularly considering the purpose of the Related Civil Cases rule), the Plaintiffs' refusal to consent to Antares's request is difficult to understand. To allow this action to proceed with scheduling and conferencing, and towards discovery, before knowing whether the Related Furukawa Action will remain in place, simply invites inefficiency and confusion. In contrast, allowing the actions to proceed on the same track

would allow the Court to issue a scheduling order covering both cases, which would likely be consolidated if they were to proceed at all.

## CONCLUSION

For the foregoing reasons, Antares respectfully requests that this Court stay this action until the conclusion of Fitel USA Corp. v. Fibercore, Inc., Civ. A. No. 02-02149-CAP (N.D. Ga. filed Aug. 2, 2002) or, in the alternative, extend the time to answer the complaint in this action.

Respectfully submitted,

ANTARES DEVELOPMENT
INTERNATIONAL, LLC

By its attorneys,

Dated: September 1, 2005

_____/s/ Samual A. Miller_____
Richard S. Sanders (BBO No. 562014)
*rsanders@sandw.com*
Samual A. Miller (BBO No. 648568)
*smiller@sandw.com*
Ben N. Kuruvilla (BBO No. 657925)
*bkuruvilla@sandw.com*
Joshua L. Solomon (BBO No. 657761)
*jsolomon@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)

{B0437849; 1}