UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FURUKAWA ELECTRIC NORTH AMERICA; OFS FITEL LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ANTARES DEVELOPMENT INTERNATIONAL, LLC,<br><br>　　　　Defendant. | Civil Action No.:<br>05-cv-11665-RGS |

**DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR CLARIFICATION**

Defendant Antares Development International, LLC ("Antares") hereby opposes the motion for clarification (the "Motion") filed by Plaintiffs Furukawa Electric North America, Inc. ("Furukawa") and OFS Fitel LLC ("OFS")(collectively, "Plaintiffs").

As an initial matter, Plaintiffs' counsel did not confer (or attempt to confer) with Antares' counsel as required by LR 7.1 (A)(2), and has failed to file the required LR 7.1(A)(2) certification. Accordingly, this Court should strike Plaintiffs' motion.

In addition, the Court's September 29, 2005 Order granting Antares' motion for a stay of this action pending resolution of a separately filed and pending case in the Northern District of Georgia (the "Order"), is perfectly clear. Finally, while Plaintiffs' Motion is styled as a motion for "clarification," the Motion is actually a thinly veiled request for the Court to reconsider the Order. Nevertheless, Plaintiffs have not presented any new evidence or demonstrated that reconsideration of the Order is warranted. Accordingly, Plaintiffs' Motion should be denied.

**Background**

On September 1, 2005, Antares moved the Court to stay this action pending the conclusion of <u>Fitel USA Corp. v. Fibercore, Inc.</u>, Civil Action No. 02-02149-CAP (N.D. Ga. filed Aug. 2, 2002) (the "<u>Related Georgia Action</u>").  In the alternative, Antares requested that the Court extend the time to answer the complaint ("<u>Antares' Motion</u>").  These alternative requests were clearly delineated in Antares' Motion.

After consideration of Antares' Motion and Plaintiffs' opposition, this Court issued an electronic order under the following Docket Text: "Judge Richard G. Stearns: Electronic ORDER entered granting [3] Motion to Stay.  (Flaherty, Elaine)."  The Court's electronic order did not mention "extension of time" or "answer complaint."  Apparently unhappy with the Court's order granting a stay of this action as opposed to denying Antares' Motion, Plaintiffs are now seeking the Court's reconsideration of its clear order.

**Argument**

A.  <u>The Court Should Strike Plaintiffs' Motion for Failure to Confer.</u>

Plaintiffs' Motion should be stricken because Plaintiffs' counsel did not confer with Antares' counsel prior to filing their motion.  LR. 7.1(A)(2) explicitly provides that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."  Since Plaintiffs' counsel failed to confer as required by the Local Rules, the Motion should be stricken.  <u>See</u> LR. 1.3 ("[f]ailure to comply with any of the directions or obligations set forth in, or authorized by, these Local Rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer.").

B.  <u>The Court's September 29, 2005 Order Is Clear.</u>

The Order clearly granted the ***primary*** relief in the Stay Motion, *i.e.*, to stay these proceedings pending resolution of the Related Georgia Action.  Antares' Motion clearly

delineated two wholly separate forms of relief: (1) staying this action pending the conclusion of the Related Georgia Action or, *in the alternative*, (2) extending the time to answer the complaint. The Court's order explicitly stated that it was granting a "stay." The Court's order did not mention any "alternative" relief nor did it mention any "extension of time" to respond to or "answer the complaint."

C. The Court Should Not Reconsider the Order.

In their Motion, Plaintiffs reargue their position that the Court should not stay this action, but should allow Plaintiffs to proceed even though resolution of the Related Georgia Action is likely to decide conclusively many of the issues in this action. Plaintiffs' use of their Motion to reargue their position actually shows an intent to seek reconsideration of the Order. Since Plaintiffs have not shown that there was any error, there is no basis to reconsider the Order.

Motions for reconsideration of an order should be used sparingly and only in limited circumstances. See Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 324 (D.P.R. 2005)("**[M]otions for reconsideration are 'extraordinarily remedies which should be used sparingly'**" (citation omitted) "and are '**typically denied**'") (emphasis in original); see generally 11 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d 2005) (noting that reconsideration "is an extraordinary remedy which should be used sparingly."). Plaintiffs have not provided any reason for the Court to reconsider its Order. See generally id. (noting that motions for reconsideration should not be used to relitigate old matters). Accordingly, given the lack of any new arguments or any good reason for the Court to modify the Order, Plaintiffs' attempt to take a second bite at the apple in the form of a so-called "Motion for Clarification" should be denied.

- 3 -

        Respectfully submitted,

        **ANTARES DEVELOPMENT INTERNATIONAL, LLC,**

        By its attorneys,

Dated:  October 28, 2005        /s/ Samual A. Miller
        Richard S. Sanders (BBO No. 562014)
        *rsanders@sandw.com*
        Samual A. Miller (BBO No. 648568)
        *smiller@sandw.com*
        Ben N. Kuruvilla (BBO No. 657925)
        *bkuruvilla@sandw.com*
        Joshua L. Solomon (BBO No. 657761)
        *jsolomon@sandw.com*
        SULLIVAN & WORCESTER LLP
        One Post Office Square
        Boston, MA  02109
        (617) 338-2800 (phone)
        (617) 338-2880 (fax)