UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FURUKAWA ELECTRIC NORTH AMERICA, INC.; OFS FITEL LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 05-cv-11665-RGS |
| v. | ) ) | |
| ANTARES DEVELOPMENT INTERNATIONAL LLC, | ) ) ) ) | |
| Defendant. | ) ) | |

**ANSWER AND COUNTERCLAIMS**

Defendant Antares Development International LLC ("Antares") answers the allegations contained in each numbered paragraph of the Complaint of the plaintiffs, Furukawa Electric North America, Inc. ("Furukawa") and OFS Fitel LLC ("OFS") (collectively, "Plaintiffs"), as follows:

1. The allegations in paragraph 1 of the Complaint, titled "Nature of the Action," are merely characterizations and conclusions of law to which no response is required. To the extent a response is required, Antares denies the allegations contained in paragraph 1 of the Complaint.

2. Antares lacks sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint and accordingly denies the same.

3. Antares lacks sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint and accordingly denies the same.

4. Antares admits only that Antares is a Massachusetts limited liability corporation with a principal place of business in Sturbridge, Massachusetts. The declaration referenced in paragraph 4 and attached as Exhibit A to the Complaint is a document that speaks for itself and,

therefore, Antares denies any allegations in such paragraph 4 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. Antares denies any remaining allegations contained in paragraph 4 of the Complaint.

     5.     No answer is required to the allegations contained in paragraph 5 of the Complaint because they purport to state conclusions of law.

     6.     No answer is required to the allegations contained in paragraph 6 of the Complaint because they purport to state conclusions of law.

     7.     No answer is required to the allegations contained in paragraph 7 of the Complaint because they purport to state conclusions of law.

     8.     Antares lacks sufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint, and accordingly denies the same.

     9.     Antares denies the allegations in paragraph 9 of the Complaint. The declaration referenced in paragraph 9 of the Complaint is a document that speaks for itself and, therefore, Antares denies any allegations in such paragraph 9 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document.

     10.     The press release referenced in paragraph 10 of the Complaint is a document that speaks for itself and, therefore, Antares denies any allegations in such paragraph 10 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. Antares lacks sufficient information to admit or deny the remaining allegations contained in paragraph 10 of the Complaint, and accordingly denies the same.

11. Antares admits only that it and Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") executed an agreement (the "Agreement"), a copy of which appears to be contained in Exhibit A to the Complaint, effective on January 15, 2005, and that Antares has no relationship with YOFC other than a contractual one. The declaration referenced in paragraph 11 of the Complaint is a document that speaks for itself and, therefore, Antares denies any allegations in paragraph 11 of the Complaint to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. Antares denies any remaining allegations in paragraph 11 of the Complaint.

12. Antares denies the allegations in paragraph 12 of the Complaint.

13. Antares denies the allegations in paragraph 13 of the Complaint.

14. No answer is required to the allegations contained in paragraph 14 of the Complaint because they purport to state conclusions of law. The patent referenced in paragraph 14 and attached as Exhibit C to the complaint is a document that speaks for itself and, therefore, Antares denies any allegations in such paragraph 14 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. To the extent a response is required, Antares is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, accordingly, denies the same.

15. No answer is required to the allegations contained in paragraph 15 of the Complaint because they purport to state conclusions of law. The patent referenced in paragraph 15 and attached as Exhibit D to the complaint is a document that speaks for itself and, therefore, Antares denies any allegations in such paragraph 15 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that

document. To the extent a response is required, Antares is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, accordingly, denies the same.

16. No answer is required to the allegations contained in paragraph 16 of the Complaint because they purport to state conclusions of law. The patent referenced in paragraph 16 and attached as Exhibit E to the complaint is a document that speaks for itself and, therefore, Antares denies any allegations in such paragraph 16 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. To the extent a response is required, Antares is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and, accordingly, denies the same.

17. No answer is required to the allegations contained in paragraph 17 of the Complaint because they purport to state conclusions of law. The patent referenced in paragraph 17 and attached as Exhibit F to the complaint is a document that speaks for itself and, therefore, Antares denies any allegations in such paragraph 17 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. To the extent a response is required, Antares is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, accordingly, denies the same.

### Count I

18. Antares hereby repeats its responses to paragraphs 1-17 of the Complaint.

19. Antares denies the allegations in paragraph 19 of the Complaint.

20. Antares denies the allegations in paragraph 20 of the Complaint.

21. Antares denies the allegations in paragraph 21 of the Complaint.

22. Antares denies the allegations in paragraph 22 of the Complaint.

23. Antares denies the allegations in paragraph 23 of the Complaint.

## Count II

24. Antares hereby repeats its responses to paragraphs 1-23 of the Complaint.

25. Antares denies the allegations in paragraph 25 of the Complaint.

26. Antares denies the allegations in paragraph 26 of the Complaint.

27. Antares denies the allegations in paragraph 27 of the Complaint.

28. Antares denies the allegations in paragraph 28 of the Complaint.

29. Antares denies the allegations in paragraph 29 of the Complaint.

## Count III

30. Antares hereby repeats its responses to paragraphs 1-29 of the complaint.

31. Antares denies the allegations in paragraph 31 of the Complaint.

32. Antares denies the allegations in paragraph 32 of the Complaint.

33. Antares denies the allegations in paragraph 33 of the Complaint.

34. Antares denies the allegations in paragraph 34 of the Complaint.

35. Antares denies the allegations in paragraph 35 of the Complaint.

## Count IV

36. Antares hereby repeats its responses to paragraphs 1-35 of the Complaint.

37. Antares denies the allegations in paragraph 37 of the Complaint.

38. Antares denies the allegations in paragraph 38 of the Complaint.

39. Antares denies the allegations in paragraph 39 of the Complaint.

40. Antares denies the allegations in paragraph 40 of the Complaint.

41. Antares denies the allegations in paragraph 41 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Even if Plaintiffs were entitled to relief from Antares, which entitlement Antares denies, Plaintiffs have waived any right to relief from Antares.

### Third Affirmative Defense

Plaintiffs are estopped by their conduct, or by that of others, from any recovery herein against Antares.

### Fourth Affirmative Defense

Plaintiffs are barred from recovery herein by operation of the doctrine of laches.

### Fifth Affirmative Defense

Plaintiffs are barred from recovery herein because of the existence of an actual or implied license.

### Sixth Affirmative Defense

United States Patent No. 4,820,322 (the "'322 Patent") is invalid, void, or unenforceable under 35 U.S.C. § 102 to the extent prior art anticipates the alleged inventions of the '322 Patent.

### Seventh Affirmative Defense

The '322 Patent is invalid, void, or unenforceable under 35 U.S.C. § 103 to the extent that the differences, if any, between the subject matter of the alleged inventions of the '322 Patent and prior art would have been obvious to one having ordinary skill in the art.

### Eighth Affirmative Defense

The '322 Patent is invalid, void, or unenforceable for failing to comply with the requirements of 35 U.S.C. § 112.

### Ninth Affirmative Defense

United States Patent No. 4,909,816 (the "'816 Patent") is invalid, void, or unenforceable under 35 U.S.C. § 102 to the extent prior art anticipates the alleged inventions of the '816 Patent.

### Tenth Affirmative Defense

The '816 Patent is invalid, void, or unenforceable under 35 U.S.C. § 103 to the extent that the differences, if any, between the subject matter of the alleged inventions of the '816 Patent and prior art would have been obvious to one having ordinary skill in the art.

### Eleventh Affirmative Defense

The '816 Patent is invalid, void, or unenforceable for failing to comply with the requirements of 35 U.S.C. § 112.

### Twelfth Affirmative Defense

United States Patent No. 5,298,047 (the "'047 Patent") is invalid, void, or unenforceable under 35 U.S.C. § 102 to the extent prior art anticipates the alleged inventions of the '047 Patent.

### Thirteenth Affirmative Defense

The '047 Patent is invalid, void, or unenforceable under 35 U.S.C. § 103 to the extent that the differences, if any, between the subject matter of the alleged inventions of the '047 Patent and prior art would have been obvious to one having ordinary skill in the art.

### Fourteenth Affirmative Defense

The '047 Patent is invalid, void, or unenforceable for failing to comply with the requirements of 35 U.S.C. § 112.

### Fifteenth Affirmative Defense

United States Patent No. 5,418,881 (the "'881 Patent") is invalid, void, or unenforceable under 35 U.S.C. § 102 to the extent prior art anticipates the alleged inventions of the '881 Patent.

### Sixteenth Affirmative Defense

The '881 Patent is invalid, void, or unenforceable under 35 U.S.C. § 103 to the extent that the differences, if any, between the subject matter of the alleged inventions of the '881 Patent and prior art would have been obvious to one having ordinary skill in the art.

### Seventeenth Affirmative Defense

The '881 Patent is invalid, void, or unenforceable for failing to comply with the requirements of 35 U.S.C. § 112.

### Eighteenth Affirmative Defense

Plaintiffs cannot recover from Antares because Antares has not directly or indirectly infringed, or induced or contributed to the infringement of the '322 Patent literally or under the doctrine of equivalents.

### Nineteenth Affirmative Defense

Plaintiffs cannot recover from Antares because Antares has not directly or indirectly infringed, or induced or contributed to the infringement of the '816 Patent literally or under the doctrine of equivalents.

### Twentieth Affirmative Defense

Plaintiffs cannot recover from Antares because Antares has not directly or indirectly infringed, or induced or contributed to the infringement of the '047 Patent literally or under the doctrine of equivalents.

### Twenty-First Affirmative Defense

Plaintiffs cannot recover from Antares because Antares has not directly or indirectly infringed, or induced or contributed to the infringement of the '881 Patent literally or under the doctrine of equivalents.

## COUNTERCLAIMS

For its counterclaims against the Plaintiffs, Antares alleges as follows:

### Parties

1. Defendant Antares is a limited liability corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Sturbridge, Massachusetts.

2. On information and belief, Plaintiff Furukawa is a Delaware corporation with its principal place of business in Norcross, Georgia.

3. On information and belief, Plaintiff OFS is a Delaware limited liability company with its principal place of business in Norcross, Georgia. On further information and belief, OFS is a wholly-owned subsidiary of Furukawa.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 and 35 U.S.C. § 282.

5. The Plaintiffs have submitted themselves to the jurisdiction of this Court.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

7. An actual controversy exists between Antares and Plaintiffs concerning the '322 Patent, the '816 Patent, the '047 Patent, and the '881 Patent, which controversy requires a declaration of rights by this Court. This controversy relates to the validity and alleged infringement of the '322 Patent, the '816 Patent, the '047 Patent, and the '881 Patent, each of which are alleged to be owned by Furukawa and licensed exclusively to OFS and each of which have been asserted against Antares. Plaintiffs have filed a complaint in this judicial district alleging infringement of the '322 Patent, the '816 Patent, the '047 Patent, and the '881 Patent, by Antares.

### First Counterclaim
### Declaratory Judgment of Noninfringement of the '322 Patent

8.  Antares has not directly or indirectly infringed, or induced or contributed to the infringement of the '322 Patent literally or under the doctrine of equivalents.

### Second Counterclaim
### Declaratory Judgment of Noninfringement of the '816 Patent

9.  Antares has not directly or indirectly infringed or induced or contributed to the infringement of the '816 Patent literally or under the doctrine of equivalents.

### Third Counterclaim
### Declaratory Judgment of Noninfringement of the '047 Patent

10. Antares has not directly or indirectly infringed or induced or contributed to the infringement of the '047 Patent literally or under the doctrine of equivalents.

### Fourth Counterclaim
### Declaratory Judgment of Noninfringement of the '881 Patent

11. Antares has not directly or indirectly infringed or induced or contributed to the infringement of the '881 Patent literally or under the doctrine of equivalents.

### Fifth Counterclaim
### Declaratory Judgment of Invalidity of the '322 Patent

12. The '322 Patent is invalid for failing to comply with conditions and requirements for patentability as set forth in United States Patent laws, 35 U.S.C. §§ 101, *et seq.*

### Sixth Counterclaim
### Declaratory Judgment of Invalidity of the '816 Patent

13. The '816 Patent is invalid for failing to comply with conditions and requirements for patentability as set forth in United States Patent laws, 35 U.S.C. §§ 101, *et seq.*

### Seventh Counterclaim
### Declaratory Judgment of Invalidity of the '047 Patent

14. The '047 Patent is invalid for failing to comply with conditions and requirements for patentability as set forth in United States Patent laws, 35 U.S.C. §§ 101, *et seq.*

### Eighth Counterclaim
### Declaratory Judgment of Invalidity of the '881 Patent

15. The '881 Patent is invalid for failing to comply with conditions and requirements for patentability as set forth in United States Patent laws, 35 U.S.C. §§ 101, *et seq.*

**WHEREFORE**, Antares Development International LLC prays for relief as follows:

a. That the Court dismiss all of the claims alleged in the Complaint in their entirety with prejudice;

b. That the Court declare all claims of United States Patent No. 4,820,322 invalid;

c. That the Court declare all claims of United States Patent No. 4,909,816 invalid;

d. That the Court declare all claims of United States Patent No. 5,298,047 invalid;

e. That the Court declare all claims of United States Patent No. 5,418,881 invalid;

f. That the Court declare that Antares has not infringed, contributed to the infringement of, or induced the infringement of any claim of United States Patent No. 4,820,322;

g. That the Court declare that Antares has not infringed, contributed to the infringement of, or induced the infringement of any claim of United States Patent No. 4,909,816;

h. That the Court declare that Antares has not infringed, contributed to the infringement of, or induced the infringement of any claim of United States Patent No. 5,298,047;

i. That the Court declare that Antares has not infringed, contributed to the infringement of, or induced the infringement of any claim of United States Patent No. 5,418,881;

  j. That the Court deem this an exceptional case entitling Antares to an award of attorneys' fees pursuant to 35 U.S.C. § 285;

  k. That the Court award Antares its costs and reasonable expenses and attorneys' fees in connection with this action; and

  l. That the Court award Antares such other and further relief as the Court deems just and proper.

          **ANTARES DEVELOPMENT INTERNATIONAL LLC**

          By its attorneys,

Dated: December 12, 2005      /s/ Samual A. Miller
          Richard S. Sanders (BBO No. 562014)
          *rsanders@sandw.com*
          Samual A. Miller (BBO No. 648568)
          *smiller@sandw.com*
          Joshua L. Solomon (BBO No. 657761)
          *jsolomon@sandw.com*
          SULLIVAN & WORCESTER LLP
          One Post Office Square
          Boston, MA  02109
          (617) 338-2800 (phone)
          (617) 338-2880 (fax)