UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FURUKAWA ELECTRIC NORTH AMERICA, INC.; OFS FITEL LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> ANTARES DEVELOPMENT INTERNATIONAL LLC, <br><br> Defendant. | Civil Action No. 05-11665 RGS |

**JOINT STATEMENT AND DISCOVERY PLAN PURSUANT TO LOCAL RULE 16.1**

Plaintiffs Furukawa Electric North America, Inc. and OFS Fitel LLC (collectively, "Plaintiffs") and Defendant Antares Development International LLC ("Defendant") hereby submit this report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1(D). On January 17, 2005, counsel for Plaintiffs and counsel for Defendant telephonically met and conferred as to the topics addressed by Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1. As a result of the parties' conference, Plaintiffs and Defendant differ on what the pretrial schedule should be and hereby submit the following proposed discovery plans for the Court's consideration.

**I.    Introduction**

This is a suit for patent infringement of U.S. Patent Nos. 4,820,322 ("'322 patent"), 4,909,816 ("'816 patent"), 5,298,047 ("'047 patent"), and 5,418,881 ("'881 patent" and together with the '322 patent, the '816 patent, and the '047 patent, the "Patents"), and a countersuit for declarations of invalidity and non-infringement of the Patents.

### A. Plaintiff's Allegations

The '322, '816, '047 and '881 patents claim various optical fiber products and the methods for manufacturing them. Antares is responsible for promoting and selling fiber optic products manufactured by Yangtze Optical Fibre and Cable Company Ltd. ("YOFC"), a company based in China. Plaintiffs assert that the manufacture, use, sale and offer for sale of, *inter alia*, the YOFC products promoted and sold by Antares infringe certain of the claims of the '322, '816, '047 and '881 patents. Plaintiffs claim that Defendant's infringement in this regard has been willful.

### B. Defendant's Allegations

Defendant denies Plaintiffs' allegations and has asserted certain affirmative defenses: failure to state a claim, waiver, estoppel, laches, license, lack of infringement, and that the Patents are invalid, void, and unenforceable. The Defendant has also filed and served counterclaims seeking a declaratory judgment as to the non-infringement and invalidity of the Patents.

## II.    Discovery Schedule

The parties have met and conferred with respect to the timing of the discovery schedule, *Markman* hearing, and briefing in advance of the *Markman* hearing. The parties differ in the approach to the relevant schedules. The parties' respective positions are set out below.

### A. Plaintiff's Proposal

Plaintiffs filed a related case against YOFC (Civil Action No. 05 cv 11219-RGS ("YOFC case")) prior to filing this case against Antares. The YOFC case also alleges patent infringement of the '322, '816, '047 and '881 patents. In deciding YOFC's motion to dismiss for insufficient service, the Court ordered Plaintiffs to serve YOFC through the mechanisms established by the

Hague Convention. Plaintiffs' counsel immediately began taking steps to effectuate service in compliance with the Court's directive. As of December 29, 2005, the translation of the Complaint and related documents into Chinese, as required by the Hague Convention, was complete and the documents were delivered to the Chinese government's agent for international service. Actual service of YOFC is now under the control of the Chinese government. Based on estimates obtained from outside venders with experience coordinating the service of process in China, Plaintiffs understand that service on YOFC could take from three to six months from December 29, 2005.

Discovery regarding YOFC's infringement is critical to OFS' claims against Antares. This infringement-related discovery from YOFC is duplicative of a significant portion of the discovery that will be necessary in the YOFC action. The parties do not disagree on this point, and have agreed that discovery taken in one case will be able to be used in the other. Counsel for Antares, who is also counsel for YOFC, has taken the position that - in this matter - OFS will be limited to seeking discovery from YOFC through use of the cumbersome, time-consuming, expensive and apparently ineffective processes established by the Hague Convention On The Taking of Evidence Abroad in Civil or Commercial Matters.[1] Once service is accomplished in the YOFC matter, however, OFS will be able to use the relatively efficient and more effective

---

[1] Under this agreement, to obtain evidence from YOFC in China, OFS will be required to submit a letter rogatory (or letter of request) to the Chinese Central Authority requesting the specific evidence it seeks. *See* Convention on The Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, 20 U.S.T. 361; *see also Obtaining Evidence in China*, U.S. State Department, available at http://travel.state.gov/law/info/judicial/judicial_694.html (January 26, 2005). The U.S. State Department explains that such requests have not been very successful in China. *See Obtaining Evidence in China*, U.S. State Department, available at http://travel.state.gov/law/info/judicial/judicial_694.html (January 26, 2005). Requests may take more than a year to execute and often no reply is received. *Id.* Moreover, Chinese authorities do not recognize the authority or ability of foreign persons to take voluntary depositions of willing witnesses in China. *Id.* To take a deposition of an individual in China, OFS will be required to submit a letter rogatory requesting permission to take (or have taken by a Chinese official) the deposition of an individual in China. *Id.* According to the U.S. State Department, there has been no success in obtaining permission from Chinese authorities to take depositions pursuant to a letter rogatory. *Id.*

discovery mechanisms provided by the Federal Rules of Civil Procedure.[2]  The most efficient way for discovery to be taken from YOFC is, therefore, to wait for YOFC to be served and for discovery of YOFC to proceed in that matter under the Federal Rules of Civil Procedure.

Plaintiffs, therefore, propose that the YOFC and Antares matters be placed on the same pre-trial schedule.  However, at this time it is unclear exactly when service on YOFC will be accomplished by the Chinese government.  Accordingly, it is not practical to set a long term pre-trial schedule in this matter at this time.  Rather, Plaintiffs propose that (1) discovery begin in the Antares case on the date of the scheduling conference; (2) initial disclosures should be served thirty (30) days after the scheduling conference; and (3) the Court schedule a case management conference for late March or early April, 2006 to set a complete discovery and pre-trial schedule for both the YOFC or Antares matters.

### B. Defendant's Proposal

Antares agrees that discovery taken in this case may be relevant to and, thus, may be used in the YOFC case, should that case go forward.  Nevertheless, there is no reason to delay this action.  After failing to serve YOFC properly in the YOFC case, Plaintiffs chose to bring this action against Antares.  Plaintiffs could have named Antares as an additional defendant in the YOFC case, but chose not to for tactical reasons.

Moreover, *Plaintiffs* themselves sought to keep the Antares case and the YOFC case separate.  In their September 15, 2005 Opposition to Defendant's Motion to Stay Proceedings, or in the Alternative, to Extend Time to Answer Complaint ("Plaintiffs' Opposition to Stay"), Plaintiffs argued that there was no reason for the two actions to be joined.  Under the heading

---

[2] Service of process is the only obstacle to commencement of the YOFC matter, as the Court has already determined that it has personal jurisdiction over YOFC.  *See* Memorandum and Order on Defendant's Motion to Dismiss or, in the Alternative, to Stay Proceedings, dated November 16, 2005, p. 3, fn 2.

"The YOFC and Antares Cases Should Not Proceed on the Same Track," Plaintiffs argued that "[p]lacing the YOFC and Antares Cases on the same track as the YOFC Case will prejudice OFS by preventing it from enforcing its patent rights against Antares for an indefinite period." Plaintiffs' Opposition to Stay, at 6. Plaintiffs further argued that "[c]ontrary to Antares' argument, placing the YOFC and Antares Cases on the same track will not promote efficiency." Id. Even more to the point, Plaintiffs wrote that "allowing Antares to benefit from the delay in the YOFC Case is both unfair and unreasonable and, contrary to Antares' assertion, *will force the parties to engage in unreasonably expensive and inefficient piecemeal litigation.*" Id. at 7 (emphasis added).

This Court agreed with Plaintiffs, and ordered Antares to answer Plaintiffs' complaint without waiting for the YOFC case to proceed. Antares has answered. Now Plaintiffs seek exactly the delay that they opposed in September.

Furthermore, it is unclear whether the YOFC case will ever proceed. Plaintiffs have not yet served YOFC. In its order of November 16, 2005 in the YOFC case (the "YOFC Order"), the Court invited YOFC to renew its motion to dismiss in the event that Plaintiffs in that action had failed to serve, or failed to make a good faith effort to serve, YOFC by March 16, 2006. YOFC Order, at 7.

Because this Court has already refused, at Plaintiffs' urging, to delay this case to align it with the YOFC case, a delay at this stage is unnecessary and would be inappropriate. Accordingly, Antares proposes the following schedule:

1. Plaintiffs shall identify to Antares all claims of the Patents that it asserts have been infringed no later than February 24, 2006.

2. Initial Disclosures shall be served no later than February 7, 2006.

3. All amendments to the pleadings by written consent and the filing and serving of all motions for leave to amend any pleadings pursuant to Fed. R. Civ. P. 15(a) shall be filed, and all parties shall be joined, no later than February 24, 2006.

4. All fact discovery shall be completed no later than August 18, 2006.

5. All expert witnesses shall be designated, and all written reports of experts on which each party bears the burden of proof, shall be served no later than September 15, 2006.

6. All rebuttal expert witnesses shall be designated, and all written rebuttal expert reports shall be served, no later than October 13, 2006.

7. All expert depositions shall be completed no later than November 3, 2006.

8. A <u>Markman</u> hearing on claim construction should be held at the Court's discretion upon request by one or both of the parties.

9. Dispositive motions shall be filed no later than December 1, 2006.

### III. Limitations on Discovery

The parties have discussed the presumptive L.R. 26.1(C) limits. Plaintiffs agree to the limitations. Defendant proposes 15 depositions per side and no limits on requests for production of documents or requests for admissions. Defendant agrees to the limit on interrogatories.

The parties further propose that either side be free to seek leave of Court to take additional discovery, if necessary, in light of the complex issues implicated by the allegations of infringement and likely defenses.

### IV. Protective Order

The parties expect that during the course of discovery, they will have need to exchange confidential trade secret and commercial information. As a result, the parties anticipate filing a proposed Stipulated Protective Order for the Court's consideration.

### V. Trial by Magistrate Judge

The parties do not consent to a trial before a Magistrate Judge.

**VI.    Settlement Proposal**

Plaintiffs, through counsel, provided Defendant with a settlement proposal on January 27, 2006 in accordance with Local Rule 16.1(C).

**VII.    Motions Pending**

None of the parties has any motions pending before the court.

**VIII.    Local Rules 16.1(D)(3) Statements**

The parties will separately file certificates under Local Rule 16.1(D)(3) at or prior to the scheduling conference.

Dated:  January 30, 2006

| **FURUKAWA ELECTRIC NORTH AMERICA, INC.; OFS FITEL LLC** | **ANTARES DEVELOPMENT INTERNATIONAL, LLC** |
|---|---|
| By their attorneys, | By its attorneys, |
| _____/s/ E. Page Wilkins_____<br>Sarah Chapin Columbia (BBO No. 550155)<br>scolumbia@choate.com<br>Carlos Perez-Albuerne (BBO No. 640446)<br>cperez@choate.com<br>E. Page Wilkins (BBO No. 654535)<br>pwilkins@choate.com<br>CHOATE, HALL & STEWART<br>Two International Place<br>Boston, MA  02110<br>(617) 248-5000 (phone) | _____/s/ Joshua L. Solomon_____<br>Richard S. Sanders (BBO No. 562014)<br>rsanders@sandw.com<br>Samual A. Miller (BBO No. 648568)<br>smiller@sandw.com<br>Joshua L. Solomon (BBO No. 657761)<br>jsolomon@sandw.com<br>SULLIVAN & WORCESTER LLP<br>One Post Office Square<br>Boston, MA  02109<br>(617) 338-2800 (phone)<br>(617) 338-2880 (fax) |

<u>Certificate of Service</u>

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 30, 2006.

                <u>/s/ E. Page Wilkins</u>
                E. Page Wilkins

4038916v1